## H. W. MONROE v. W. B. LEIGH, ADM'R.

Where the wife dies and the husband sells real estate belonging to the community, and dies, in a suit by the heirs of the wife, or their vendee, against the purchaser, for the recovery of one half the property, as the community property of the wife, if it appear that the heirs of the wife were also the heirs of the husband and received from his estate an amount equal to the value of the land so sold by him, the plaintiff cannot recover. See what is said about the lapse of time since the death of the wife, &c.

Appeal from Gonzales.

*Mills*, for appellant.

*Ireland*, for appellee.

LIPSCOMB, J. The material facts of this case are, that Hines purchased the land in controversy in 1835; at that time he had a wife living, who died the same year, leaving two children, a son and a daughter; the son died leaving his sister, Mrs. Hensley, his sole heir. Hines, after the death of his wife, made a verbal sale in 1837 to Bradley, of the property sued for. Hines died without performing his contract of sale and his administrator inventoried the land in question as a part of the property appertaining to the estate of his intestate. Bradley sued the administrator for a specific performance of the contract of sale, and died before the suit was determined. His administrator, Leigh, prosecuted the suit and obtained a decree for a specific performance. Mrs. Hensley, the plaintiff's vendor, was aware of the proceedings against the administrator of her father to obtain title, and so was her brother. They afterwards had a settlement of the estate of Hines, and had three thousand dollars paid over to them as heirs of Hines; and from the evidence, by the death of her brother, she, Mrs. Hensley, was the recipient of the whole proceeds of her father's estate. She then made an assignment to the plaintiff of all her right to the one half of the land, as the sole heir of her mother. Under this assignment Monroe claimed and sued for the one half of the land, so sold, as the community share of her mother, of the land sold to Bradley. From the evidence, it appears that this land, in value must have been but a small proportion of the estate of Hines, the vendor of the defendant's intestate. This suit was commenced 5th April, 1854. The father of the plaintiff's vendor had been dead ten years, and her mother, whose community share she claimed, had been dead about nineteen years before the commencement of the suit. Under the circumstances we cannot but regard the claim as an iniquitous one. She knew of the land having been inventoried as the estate of her father. She knew of the suit for title, and of the result of that suit, and afterwards received a large sum of money as heir to her father, more than three times

enough to have paid the estate of Bradley for the loss of the land sold by her father; and had he lost it, by the interposition of the claim now set up as heir, to the community share of her mother, he could have had recourse upon the estate for the money and interest he had paid her father for it. Her long silence and receiving the money, the proceeds of her father's estate, raises an equity amounting to an estoppel, not technically an estoppel, but an estoppel *in pais*. As for her assignee or vendee, he has no equity. The purchaser of so old and stale a demand, whether he paid value for it or not, is entitled to no more than what he can get by strict law. We believe the Judge to whom the case was submitted, a jury being waived, did not err in giving judgment for the defendant; it is affirmed.

Judgment affirmed.