### GRAYSON COUNTY v. CALLIE MAY.

#### (No. 7187.)

APPEAL from Grayson County. Opinion by DAVIDSON, J.

BROWN & BLISS, counsel for appellants.

HEAD & DILLIARD, counsel for appellee.

§ **310.** *Fees of office; county liable to officers for, in misdemeanor cases, when.* On the 31st day of July, 1890, appellee, as surviving wife of R. L. May, deceased, filed suit in the county court of Grayson county against appellant, alleging in substance that during the years 1887, 1888, and a portion of 1889, R. L. May, deceased, husband of appellee, was sheriff of Grayson county, Texas, and during said time a large number of persons were convicted of misdemeanors and worked out their fine and costs in the work-houses and upon the public works of said county, as required by the commissioners' court; that in said cases said May, as such sheriff, earned and was entitled to fees and costs which were so worked

out, an itemized statement of which was attached to the petition and made a part thereof, amounting to the sum of $277.20. Said itemized statement contained costs that under the law are assessed against the defendant and not against the county or state. Appellant answered by general demurrer and denial. The court overruled appellant's general demurrer to plaintiff's petition and rendered judgment in favor of appellee for the sum of $230.46, with interest from the date of the judgment at eight per cent. per annum, together with the costs of suit. Appellant excepted to the order of court overruling the general demurrer, and to the judgment, and gave notice of appeal in open court, and has perfected this appeal.

Under the general demurrer appellant urges that article 3602 of the Revised Statutes is not in derogation of the constitution, and that it by implication repeals article 3600. Said articles are as follows: "Art. 3600. When a convict, who has been committed to jail in default of payment of fine and costs, has satisfied such fine and costs in full by labor in the work-house or upon public works, the county judge shall issue a warrant upon the county treasurer in favor of each officer to whom costs may be due for the amount of his costs, and the same shall be paid out of the road fund of the county, or out of any other county funds not otherwise appropriated." "Art. 3602. Any person who may be convicted of a misdemeanor or petty offense, and who shall be committed to jail in default of the payment of the fine and costs adjudged against him, may be worked upon the public roads or upon the county farms of the county in which such conviction is had, or. be hired out to any individual company or corporation within the county of conviction, to remain in said county, and the proceeds of said hiring when collected shall be applied — *First*, to the payment of the costs; and *second*, to the payment of the fine; and every convict shall be entitled to a credit of twenty-

five cents on his fine and costs for each day he may serve under such hiring, including Sunday, and he shall be discharged at any time upon the payment of the balance due on his fine and costs, or upon the expiration of his term of service—his term of service in no event to be greater than one day for each twenty-five cents of fine and costs; provided, that in no case shall the counties be responsible to the officers for their costs, and in no case shall such convict be hired out for a longer period than two years for failure to pay fine and costs; and on the expiration of said time, unless by his hire such fine and costs have been sooner paid off, said convict shall be finally discharged." That article 3602 is constitutional we think there is no question. It is clearly within the legislative authority to enact such laws, and it is equally within the power of the legislature to limit the liability of the county for the fees and costs of officers in the matter of hiring out convicts, as is provided in said statute. While it is well settled that an office is property, and the incumbent is entitled to the emoluments pertaining to such office during the term for which he may hold it, it is equally well settled that those who serve the public must be content with such remuneration for their services, and on such terms, as the law provides. [Bastrop Co. v. Hearn, 70 Tex. 566; Beard v. City of Decatur, 64 Tex. 7; Jones v. Shaw, 15 Tex. 579; Butler v. Pennsylvania, 10 How. 402; Conner v. New York, 5 N. Y. 285; Denver v. Hobart, 10 Nev. 28.] This position in no way conflicts with the proposition that the legislature may abolish the office altogether, or that the fees incident to such office may be increased or diminished during the term for which said incumbent may have been elected or appointed.

The further contention of appellant is that the proviso contained in article 3602 repeals article 3600, and upon this proposition a reversal of the judgment in the case is sought. We are of opinion that this proposition

is not correct.  This court said in Dampier's Case that article 3602 relates "exclusively to the hiring out of county convicts, and has no application whatever to the case of a convict who has been required to work upon a county farm or upon the public works." [Ex parte Dampier, 24 Tex. App. 561.]  In cases of this character the officer must look to the contract of hiring and the bond given in pursuance of that contract, and the county is relieved from liability for the officer's costs.  [R. S. arts. 3602–3609 inclusive.]  It is not here intended to exclude the idea that there might arise cases where parties have been hired out wherein the county might become liable for the officer's costs.  Should the costs be collected under the contract of hiring, and payment thereof be refused the officer entitled thereto, it would hardly be contended that the county would not be liable for the payment of such costs.  The reasons for this conclusion would be too obvious for serious doubt.  [R. S., art. 3609.] It is within the power of the legislature to determine the manner of collecting the fines and costs imposed on parties in misdemeanor convictions, and to supply necessary and sufficient remedies for such purpose.  It is no objection to this conclusion that remedies in the alternative have or may be provided by that body for such purpose. This is within the legislative discretion and authority. That the legislature may provide for the hiring of convicts to private parties does not militate against the power of that body to authorize and require the county authorities to economize the labor of convicts in public houses, on public works, on public roads, or elsewhere, and in doing so to become liable to the officers for such costs as may be worked out by such convicts.  These propositions are not in the least antagonistic to each other.  The legislature has the power to enact such laws, and, having done so, we are not authorized to disturb them.  We are of opinion that articles 3600 and 3602 are not antagonistic to each other, and that the latter

· article does not repeal the former, either directly or by implication. It will be noted that this subject has been expressly provided for by the act of 1891, which provides the manner of paying costs in cases of this character. [Gen. Laws 22d Leg., p. 152.] There being no error in the judgment it is affirmed.

May 4, 1892.                                      Affirmed.