Isabella Brown et al. v. Amalie Elmendorf et al.

No. 155.

1. Petition for Writ of Error—Assignment of Errors.
> The petition for writ of error should indicate the points relied upon for a reversal of the action of the Court of Civil Appeals.   Without such assignment attacking a finding of fact, this court can not look to the evidence, but must consider the findings in the record as established. See example . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 59

2. Community Property—Rights of Widow and Children.
> After the death of the husband there remained community property. The rights of the widow and children in such property are defined by law.   The widow disposed of a parcel of the common estate less in value than her interest in the entire property: the children upon her death received the remainder.   Under such circumstances to permit them to recover their original interest in the part so disposed of by their mother would be unreasonable and unjust.   Such recovery was properly denied . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 60

Error to Court of Civil Appeals for Fourth District, in an appeal from Bexar County.

In the petition for writ of error it was complained of rulings of Court of Civil Appeals:

1.  " The court erred in not holding as reversible error, and in finding as a fact and as a matter of law, that all of the defendants were bona fide purchasers for value from the mother of the plaintiffs, without notice of plaintiffs' equitable title as heirs of their deceased father, David H. Brown, to his one-half of the community property of the estate of their father and mother."

2.  " The court erred in its finding of fact and its conclusions of law,

that Mrs. Rescendez and Bruni, and the defendants holding under them, were innocent purchasers for value."

The facts are fully given in the opinion.

*J. M. Taylor* and *B. L. Aycock*, for plaintiffs in error.—1. The court erred as a matter of law in concluding that defendants ought to be protected as innocent purchasers, as also that they purchased in good faith, because the evidence fails to show the payment of any money, or any diligence to ascertain the rights of the minor children, the records putting them on notice and inquiry that the marriage relation existed and that the land had descended to plaintiffs.   Mitchell v. Marr, 26 Texas, 330; Willis v. Gray, 48 Texas, 469; Johnson v. Harrison, 48 Texas, 267; Ross v. Morrow, 19 S. W. Rep., 1090; Watkins v. Edwards, 23 Texas, 443; Blum v. Schwartz, 20 S. W. Rep., 56.

2. The court erred in not rendering judgment in plaintiffs' favor and against all the defendants, because they could not invoke the equity powers of the court to force a partition of all the estate of Brown.   Norris v. Hunt, 41 Texas, 609; Brown v. Chambers, 63 Texas, 131; Pfeiffer v. Lindsay, 66 Texas, 123; Coker v. Roberts, 9 S. W. Rep., 665; Brokel v. McKechnie, 69 Texas, 32; Jones v. Carver, 59 Texas, 294; Wooters v. Arledge, 54 Texas, 395; Mitchell v. Ireland, 54 Texas, 301; Freem. on Ex., secs. 281–330.

Counsel also cited:   Hill v. Moore, 85 Texas, 347; Yancy v. Batte, 48 Texas, 46; Hawley v. Bullock, 29 Texas, 217; Lumber Co. v. Hancock, 70 Texas, 313; Richardson v. Levi, 67 Texas, 360.

*Upson & Bergstrom*, for defendants in error Oscar Bergstrom, John Schmidt, John Alberthal, and John R. Peterson.—1. The heirs of Antonia Brown, deceased, were entitled to receive from the community estate of their said mother and David H. Brown one-half of the entire community estate, and it was admissible to show that the said heirs had received their one-half, or any portion of such half, to be charged to them against any recovery which they would be entitled to herein.

2. A purchaser of a specific portion of a large tract of land from the owner of an undivided interest therein is entitled, as against the other co-owners and subsequent purchasers from him or his co-owners in equity, and particularly after a long acquiescence on the part of the other co-owners and subsequent purchasers, to have his land so purchased specifically set aside to him in a partition between the other co-owners and subsequent purchasers.   Arnold v. Cauble, 49 Texas, 527; Cameron v. Thurmond, 56 Texas, 22; Glasscock v. Hughes, 55 Texas, 461; Freem. on Co-Ten. and Part., secs. 199, 213, 465.

3. The survivor of the community is vested with full power and authority to convey and transfer, and thereby pass the superior equitable

title to all real estate owned and belonging to the community estate of such survivor and decedent, when such conveyance is made for the purpose of paying off and discharging community debts; and ordinarily parties claiming by purchase from and under such survivor must show the existence of community debts authorizing such sale, as well as a power to sell, when such sale purports to be executed under power of attorney; and after the lapse of a great length of time the existence of such·power of sale will be presumed, and particularly will the existence of community debts authorizing a survivor to sell be presumed after the lapse of a great length of time. Harrisons v. McMurray, 71 Texas, 122; Garner v. Lasker, 71 Texas, 431; Hensel v. Kegan, 15 S. W. Rep., 275; Veramendi v. Hutchins, 48 Texas, 531; Johnson v. Shaw, 41 Texas, 428; Leatherwood v. Arnold, 66 Texas, 416; Davis v. McCartney, 64 Texas, 587; Garnett v. Jobe, 70 Texas, 697.

*C. S. Robinson*, for intervenors, Herman Zuberbier and W. J. Behan.

*Joseph Ryan*, for Michael Ryan, defendant in error.

*Wurzbach & Goeth*, for Amalie Elmendorf, Henry Elmendorf, Emil Elmendorf, Emily Kampmann, Edward Elmendorf, Charles L. Wurzbach, and Frank McC. Newton, defendants in error.

GAINES, Associate Justice.—This suit was brought by plaintiffs in error to recover of defendants in error an undivided half-interest in two contiguous parcels of land in the city of San Antonio. The land in controversy was conveyed August 18, 1863, to "Mrs. Antonia Brown," who was then the wife of David H. Brown. It is conceded to have been their community property. D. H. Brown died in 1866, and thereafter his widow sold and conveyed, by separate deeds, one of the parcels to Josefo Rescendez and the other to Earle Sawyer. She died in 1869.

The plaintiffs are the children of David H. and Antonia Brown, and claim title to an undivided one-half interest in the two parcels of land as the heirs of their father. The defendants claim title through mesne conveyances under Mrs. Rescendez and Earle Sawyer.

Among other conclusions of fact the trial judge found: "5. That the defendants purchased said property through and under Antonia Brown without notice of the claims of the plaintiffs herein, and for value;" and "6. That since the deaths of their father and mother plaintiffs have received from the estate of said decedents more than half of the property of said Brown and wife." A judgment was accordingly rendered for the defendants.

The Court of Civil Appeals adopted the conclusions of fact filed by the trial judge, and affirmed the judgment upon the ground that the law and

the evidence warranted the conclusion that the defendants were purchasers for value without notice of the claim of the plaintiffs.    They did not pass upon the question as to the legal effect of the finding, that since the death of D. H. and Antonia Brown the plaintiffs have received more than half of their community estate.

In their application for a writ of error to this court the plaintiffs in error assign as error the ruling of the Court of Civil Appeals, that the defendants were -purchasers for value without notice, but they do not complain in their application that there was error in holding as a matter of fact, that the plaintiffs had received since the death of the mother more than one-half of the common estate of their father and mother.

If the ruling of the court in this particular had been assigned as one of the grounds upon which the writ of error was prayed for, it would not have been binding upon us, provided there was no evidence whatever to support it; but we are of opinion, that without an assignment we are not at liberty to look to the evidence, but must take the finding as an established fact in the case.

The Act of April 13, 1892, which fixed the jurisdiction and regulated the practice of the Supreme Court, provides, '' that any party desiring to sue out a writ of error before the Supreme Court, shall present his petition to said court, stating the names and residences of the parties adversely interested, with a brief statement of the nature of his case, and the ground upon which the writ of error is prayed,'' etc.    Art. 1011b, 85 Texas, 634.

One purpose of requiring that the ground upon which the writ of error is sought shall be stated in the application was to call the attention of the Supreme Court specifically to the points relied upon for a reversal of the judgment of the Court of Civil Appeals, so as to enable it speedily to determine whether the writ should be granted or not; and another was to limit, as far as practicable, the questions presented for its determination in case the writ should be granted, and to relieve it from the labor of revising rulings which have been acquiesced in, or which may not be deemed of sufficient importance to require a revision.    So construed, the provision is in harmony with the statute, which requires all supposed errors of the trial court to be assigned upon appeal, and the rule which declares that all assignments of error not incorporated in the brief shall be deemed to be waived.

It being assumed, then, as an established fact, that plaintiffs in error received upon death of their mother more than one-half of the community estate which was on hand at the death of their father, we are of opinion that the judgments of the courts below should be affirmed, although the Court of Civil Appeals may have been in error in holding that the defendants were bona fide purchasers of the parcels of the property respectively claimed by them.

In Maxwell v. Guyton, 20 Texas, 202, it was held, that where the heirs of the father had received by advancement and by inheritance from his property equal in value to their mother's interest in the community estate, they could not recover her interest in property conveyed by him by warranty deed after her decease. The same ruling was made in Conner v. Huff, 48 Texas, 364.

Sparks v. Spencer, 40 Texas, 694, was a suit by the children of the first marriage to recover of the widow and children of their father by a second marriage their mother's interest in community lands which the father had devised to the latter. The widow was executrix of the father's will, and was sued as such. It was held, that the plaintiffs could not recover without an accounting for the advancements made to them by their father in his lifetime, and that in the calculation the community property was to be valued as of the time of the mother's death and the advancements at the time they were made. The doctrine of that case is expressly reaffirmed in Belcher v. Fox, 60 Texas, 527.

The defense in this case is not precisely the same as those which seem to have been set up in the causes cited above, but it rests upon a foundation quite as substantial.

The heirs of a deceased husband or wife may be tenants in common with the surviving partner of the marital union in the common property, holding their interests by legal title; yet we apprehend that equities may grow up out of interests in common so acquired which would not arise as between tenants in common whose rights had been acquired in a different manner.

The fundamental right of the heirs in such a case is to receive one-half in value of what remains of the community estate after the payment of community debts, if any. Their strict legal right is to have a partition through legal proceedings. But if the survivor should convey, as his or her own, one-half or less of the community estate, and should die leaving the remainder undisposed of, either by deed or will, and if the heirs come into possession of such remainder, it is just to hold, that they have acquired all that they can equitably demand from the common estate, and that they are precluded from proceeding against the survivor's grantees or those holding under them for a recovery of any interest in the property so conveyed. In such a case they are not prejudiced by the result; and although their strict legal rights may not have been respected in the disposition of the property, yet when they have received a share fully equal in value to their interest, they should not be heard to complain.

Courts of equity are loth to disturb an adjustment of property rights made between members of a family. The case presented by the findings of the Court of Civil Appeals is one in which a widow and her children have rights in common in certain property, and in which she has disposed of a parcel of the common estate less in value than her interest in the entire property, and in which they have received the remainder. Under

such circumstances, to permit them to recover their original interest in the part so disposed of would, we think, be unreasonable and unjust.

The evidence in the case tends to show, that the family was poor, and that the mother sold the land in controversy to meet the urgent wants of herself and her children, who were then minors, some of them of tender years. The wants of her children did not empower her to sell their interests in the land, and although she may have used the consideration received for the property in their support, it did not affect their rights. But the possible existence of such circumstances serves to present in a strong light the justice of the equitable rule which we think should control the determination of this case.

As we have intimated, we deem it unnecessary to determine whether the Court of Civil Appeals erred or not in holding that the defendants were bona fide purchasers for value.

For the reasons given, the judgment of the Court of Civil Appeals and that of the District Court are affirmed.

*Affirmed.*

Delivered May 28, 1894.