**ZABAWA et ux. v. ALLEN et al.**
(No. 7967.)

(Court of Civil Appeals of Texas. Galveston.
Feb. 9, 1921. Rehearing Denied
March 17, 1921.)

1. **Homestead** ⊜⇒118(3)—**Wife need not join in conveyance of land title to one-half which was held as trustee.**

Where plaintiff and his father-in-law jointly bought a parcel of land, the title being taken in the name of plaintiff, and the two families moved on the land, plaintiff's conveyance to his father-in-law on partition cannot be attacked because his wife did not join; the homestead right attaching only to plaintiff's undivided interest in the land.

2. **Tenancy in common** ⊜⇒35—**Conveyance by tenant in common, though there had been no partition, not open to attack.**

Where a widow who took an undivided one-half interest in land, title to which was in her husband at the time of his death, conveyed a portion less than her half, and it appeared that the lands conveyed acre for acre were of no greater value than the other property, the widow's conveyance passed good title, notwithstanding there had been no partition and children were entitled to the other undivided one-half interest.

3. **Appeal and error** ⊜⇒843(2) — **Where defendant showed title by deed, assignments attacking rulings on asserted title by limitations need not be reviewed.**

In trespass to try title, where defendant showed good title by deed, the appellate court need not review plaintiff's assignments attacking findings of the court on issue of limitations or refusal to grant new trial on the ground of newly discovered evidence on the question of defendant's occupancy.

Appeal from District Court, Walker County; J. A. Platt, Judge.

Trespass to try title by John Zabawa and wife against W. H. Allen, who died pending trial leaving minor heirs, in which D. R. Hardy, as administrator and guardian, by leave of court, made himself a party defendant. From a judgment for defendant as to all land not disclaimed, plaintiffs appeal. Affirmed.

M. E. Gates and A. T. McKinney, both of Huntsville, for appellants.

Hill & Hill, of Houston, and Dean & Humphrey, of Huntsville, for appellees.

PLEASANTS, C. J. This is an action of trespass to try title brought by the appellants, John Zabawa and wife, Nora Zabawa.

The petition, which is in the usual form in actions of trespass to try title, sought recovery of a tract of 139 acres on the L. M. Collard league in Walker county.

Pending the trial of the cause, the defend-

ant, W. H. Allen, died intestate, leaving as his heirs at law two minor children. D. R. Hardy, as administrator of Allen's estate and guardian of his minor heirs, by leave of the court made himself party defendant, and for answer to plaintiffs' petition disclaimed title to all the 139 acres except 7 acres, which are described in the answer.

As to this 7 acres, the defendant pleaded not guilty, and the statute of limitation of 3, 5, and 10 years. He also pleaded improvements in good faith.

The trial in the court below without a jury resulted in a judgment in favor of the defendant for the 7 acres claimed by him. Plaintiffs had judgment on the disclaimer for the remainder of the 139 acres.

At the request of plaintiffs the trial court filed conclusions of fact and of law, which are as follows:

"Conclusions of Fact.

"(1) Prior to November 1, 1899, John Zabawa and his father-in-law, M. Krystiniak, agreed to purchase from J. A. McKibben the tract of land described in plaintiffs' original petition, each paying a part of the purchase money for said tract of land, and pursuant thereto the said J. A. McKibben to make conveyance of the entire tract of land to the said John Zabawa, who under the agreement held half thereof in trust for the said M. Krystiniak.

"(2) Pursuant to the aforesaid agreement, the said J. A. McKibben by his deed bearing date November 1, 1899, and filed for record in the office of the county clerk of Walker county November 28, 1899, and recorded in Volume 15, pages 129 and 131 of said deed records of Walker county, conveyed the 139-acre tract of land described in plaintiffs' petition to the said John Zabawa.

"(3) Immediately upon securing the deed from McKibben to said land, the said John Zabawa and M. Krystiniak with their respective families moved on the said 139-acre tract of land.

"(4) Shortly after moving on the said tract of land, and, to wit, in the early part of January, 1900, the said John Zabawa and M. Krystiniak caused the lines of the entire 139 acres to be re-run by J. M. Hall, county surveyor of Walker county, Tex., and agreed upon a partition and division of said land between them, and on the 20th of January, 1900, had the said J. M. Hall, as county surveyor, to survey off the 59 acres on the south end of the 139-acre tract for the said M. Krystiniak, and on February 10, 1900, pursuant to said agreement and partition, the said John Zabawa made, executed, and delivered to the said M. Krystiniak his general warranty deed bearing date said February 10, 1900, filed for record June 6, 1900, and recorded in Volume 11, page 474, of the Walker county deed records, in which he conveyed to said Krystiniak by metes and bounds the said 59 acres, the same being described as follows, to wit:

"All that certain tract or parcel of land lying and being situated in the county of Walker and state of Texas, and being a part of the

L. M Collard league of land and described as follows, to wit:

"Beginning at the south line of said league at S. W. corner of J. R. Traylor's survey, a stake from which a red oak 16 in. brs. n. 28½° E. 24.6 varas.

"Thence N. 60° W. with league line 913 varas to the S. W. corner of John Zabawa's 139-acre survey, a stake from which a pine 24 in. brs. S. 13° E. 4⁸/₁₀ vrs., and a post oak 8 in. brs. N. 82° E. 5⁶/₁₀ vrs.;

"Thence N. 30° E. with west line of said 139-acre survey, 365 varas to a stake from which a sweet gum 6 in. brs. S. 9° E. 1⁶/₁₀ varas and a red oak 4 in. brs. N. 30° E. 2⁸/₁₀ varas;

"Thence S. 60° E. 913 varas to the east line of said 139-acre survey, a stake from which a post oak 16 in. brs. N. 22° W.;

"Thence S. 30° W. 365 varas to the place of beginning, containing 59 acres of land, surveyed January 20, 1900, by J. M. Hall, county surveyor.

"(4) Subsequent to the execution of the last-named deed, neither the said John Zabawa or his wife at any time during the lifetime of the said M. Krystiniak or at any time during the lifetime of the said Eva Krystiniak, surviving widow of the said M. Krystiniak, claimed any portion of the said 59 acres of land, and the said John Zabawa and his wife, the plaintiff Nora Zabawa, at all times after the said partition between John Zabawa and M. Krystiniak and after the execution of said deed by said John Zabawa to M. Krystiniak, recognized the claim and title of the said M. Krystiniak in his lifetime and of his widow after his death and their assigns to the said 59 acres, and the said M. Krystiniak in his lifetime rendered the said 59 acres for taxation and paid the taxes thereon, and the said Eva Krystiniak subsequent to the death of the said M. Krystiniak claimed and rendered for taxes the said 59 acres until her sale of the 7 acres as hereinafter set forth, and after the sale of said 7 acres rendered and paid taxes on the remaining 52 acres until her death subsequent to February 16, 1914; and the said M. Krystiniak in his lifetime, and the said Eva Krystiniak as his surviving widow after his death, were in peaceable and adverse possession of said 59 acres of land, cultivating, using, and enjoying the same, claiming the same under said deed to M. Krystiniak and paying all taxes thereon, which possession as to all of said land except the 7 acres extended down to the death of the said M. Krystiniak, and as to the 7 acres extended to the time of the sale thereof by the said Eva Krystiniak as hereinafter set forth.

"(5) The plaintiffs, John Zabawa and Nora Zabawa, were husband and wife at the time of the execution of the aforesaid deed by J. A. McKibben to John Zabawa, and they together with the said M. Krystiniak and Eva Krystiniak, who were husband and wife and the father and mother, respectively, of the said Nora Zabawa, moved on to the said 139 acres of land conveyed by the said McKibben to Zabawa, and at no time did the plaintiffs, John Zabawa and wife, Nora Zabawa, claim or use any part of the 59 acres conveyed by John Zabawa to M. Krystiniak as their homestead until after the death of the said Eva Krystiniak in 1914.

"(6) On March 19, 1904, the said Eva Krystiniak, being then a widow, sold and conveyed to M. L. Womack, Jr., as trustee for T. A. Millikien and D. J. Womble, 6 acres of the 7 acres described and claimed in the defendants' answer herein, and said deed was filed for record on the 20th day of March, 1904, and recorded in Volume 21, pages 168 to 170, of the deed records of Walker county, and the said T. A. Millikien and D. J. Womble went into immediate actual possession of said land and constructed thereon a valuable and extensive sawmill plant, consisting of the main building and the machinery necessary for the operation of a saw mill plant, dolley ways, lumber yards, dry kilns, and kept, maintained, and operated the same until the fall of 1908, when a receiver was appointed by the district court of Walker county, who operated the said sawmill plant until the sale thereof, as hereinafter set forth.

"(7) On the 14th of November, 1904, the said M. L. Womack, Jr., who had held the legal title of said property as trustee for the said T. A. Millikien and D. J. Womble, conveyed the said 6 acres of land to the said T. A. Millikien and D. J. Womble, and the deed was filed for record December 3, 1904, and recorded in Volume 21, page 532, of the deed records of Walker county, and on the 19th day of November, 1904, the said Eva Krystiniak sold and conveyed to the said T. A. Millikien and D. J. Womble 1 acre of land north of and adjoining the said 6 acres of land, the 6 acres and 1 acre forming a single body of land, and which said 1 acre of land was used for a part of the dry kilns of said sawmill business. The deed from Eva Krystiniak to T. A. Millikien and D. J. Womble was filed for record November 24, 1904, five days after its execution, and was recorded in Volume 18, page 532, of the deed records of Walker county, Tex., and the said T. A. Millikien and D. J. Womble took immediate possession of said 1 acre and held it in the operation of their sawmill business along with the remaining 6 acres, and the said Millikien and Womble claimed and used and enjoyed the said 7 acres of land under the aforesaid deeds and were in the exclusive and adverse possession thereof until the appointment of the receiver by the district court of Walker county in October, 1906. Upon the appointment of the receiver for the partnership business of the said Millikien and Womble, the said receiver took charge of the said land and sawmill plant and was in the exclusive and adverse possession thereof, using the same, until the sale of said plant by A. T. McKinney, master commissioner, to H. W. Hardy on October 17, 1906, as evidenced by the deed made by the said A. T. McKinney dated October 17, 1906, filed for record October 29, 1906, and recorded in Volume 26, pages 409 to 412, of the deed records of Walker county, and the said Millikien and Womble paid all taxes accruing on said 7 acres of land down to and including the year 1905.

"(8) After the sale of said land to H. W. Hardy, he and his successive grantees by regular chain of title of record in Walker continued in the actual adverse possession thereof and in the use and enjoyment thereof until the sale of said premises by E. K. Dillingham, trustee, to R. M. Traylor, by deed dated March 28, 1908, filed for record August 14, 1912, and recorded in Volume 44, pages 495 and 496, of the Walker county deed records, and the said R. M. Traylor

continued in the actual and adverse possession of said 7 acres and in the use thereof until his conveyance thereto to J. M. Hall by deed bearing date August 16, 1912, filed for record September 4, 1912, and recorded in Volume 34, pages 519 and 520, of the deed records of Walker county, Tex., and the said R. M. Traylor during all of the time he held said land rendered the same and paid all taxes accruing thereon.

"(9) The said J. M. Hall held and claimed the said land and paid all taxes thereon until he sold and conveyed the same to Marion Pegoda by deed bearing date January 17, 1914, filed for record January 24, 1914, and recorded in Volume 26, pages 248 and 249, of the deed records of Walker county, Tex. While the said Hall owned and claimed the said land, a portion of the old sawmill plant was and remained thereon, but the said J. M. Hall did not have further actual possession of said land than to claim the same and the remainder of the improvements which were a part of the aforesaid sawmill plant.

"Within one month after the purchase of said land by the said Marion Pegoda, he inclosed the same with a substantial wire fence worth $100 and which has added to the value of the place $100, and used and enjoyed the said land, claiming the same under his deed from Hall and wife, and paid all taxes thereon until his sale thereof to the original defendant, W. H. Allen, on November 19, 1917.

"(10) On November 10, 1917, W. H. Allen, original defendant herein, purchased the said 7 acres of land from the said Marion Pegoda and wife, Erie Pegoda, and took deed from the said Pegoda and wife bearing date the said 10th day of November, 1917, conveying to him, the said Allen, the said 7 acres of land, which deed was filed for record November 13, 1917, and recorded in Volume 13, pages 132 and 133, of Walker county deed records. The said Allen paid to the said Marion Pegoda $750, which was the full consideration for said land, and in good faith entered upon the said land and constructed an eight-room residence of the value of $2,850 and a barn of the value of $150, which said residence and barn have added $3,000 to the value of said land; the said land itself being of the value of $100 per acre.

"(11) The said 7 acres of land conveyed as aforesaid by Eva Krystiniak to John Zabawa and involved in this suit was of about average equal value of the remaining 52 acres of the 59 acres conveyed by John Zabawa to M. Krystiniak, as aforesaid.

"(12) At no time after the conveyance of said land by Eva Krystiniak to Womack and to Millikien and Womble, did the plaintiffs, or either of them, claim the same or any interest therein, until long after the death of Eva Krystiniak in 1914, and until about the time of the institution of this suit in September, 1918—though the said plaintiffs lived within a short distance of the said 7 acres of land and saw the improvements being made thereon and use being made thereof by the respective claimants thereto under the said Eva Krystiniak, and at no time did the said plaintiffs, or either of them, render the said 7 acres of land, or any part thereof, for taxation, or pay any taxes thereon, or assert any sort of claim thereto.

On the contrary, the said John Zabawa sought to purchase the said 7 acres of land from J. M. Hall while the latter claimed it under his deed from Traylor.

"(13) On the 16th day of February, 1914, the plaintiff Nora Zabawa took deed of conveyance from her mother, the said Eva Krystiniak, to an individual one-half interest in and to the 59-acre tract of land which was conveyed by John Zabawa to M. Krystiniak on February 10, 1900, as aforesaid, and in the deed from Eva Krystiniak to Nora Zabawa the following reservation is contained: 'But I expressly reserve unto myself the rents and revenues arising from said property during the balance of my life and the right to use the said property for the remainder of my life, and also my homestead rights in the undivided one-half of said property belonging to the estate of my deceased husband, M. Krystiniak.'

"(14) Subsequent to the execution of said deed, the said Eva Krystiniak died leaving as her sole surviving heirs at law the said Nora Zabawa and two sons, John Krystiniak and Antoni Krystiniak; and on February 14, 1917, the plaintiffs, John Zabawa and Nora Zabawa, purchased from the said John Krystiniak his undivided interest in and to the said 59 acres of land and took deed from the said John Krystiniak bearing date the said 14th day of February, 1917, which was filed for record February 17, 1917, in the office of the county clerk of Walker county, and recorded in Volume 40, pages 145 and 146, of the Walker county deed records.

"In said deed the said 59 acres was described by metes and bounds and had the following additional recital, to wit:

" 'Being the same land conveyed by John Zabawa to M. Krystiniak by deed bearing date February 10, 1900, and recorded in Volume 11, page 474, of the Walker county deed records.'

" 'The interest hereby conveyed in said tract of land being that which vested in the grantor upon the death of said M. Krystiniak and wife Eva Krystiniak, both deceased, being the parents of the grantor herein.'

"(15) On the 2d day of April, 1918, the plaintiffs, John Zabawa and Nora Zabawa, purchased from the said Antoni Krystiniak his interest in the said 59 acres of land for the sum of $200 cash paid by the said plaintiffs to the said Antoni Krystiniak, and took deed from said Antoni Krystiniak, who acted by his attorney in fact, John Krystiniak, which deed bears date April 2, 1918, filed for record April 3, 1918, and has the same description and recitals as were contained in the deed from John Krystiniak to the plaintiff, and set forth in the next preceding conclusion.

"Conclusions of Law.

"Upon the foregoing conclusions of fact I conclude as a matter of law that the plaintiffs are not entitled to recover the seven acres of land claimed by the defendants, and that judgment should be rendered that the plaintiffs as to said seven acres of land take nothing, and the defendants go hence and recover their costs."

[1] By their first assignment of error appellants assail the judgment on the ground

that upon the undisputed facts shown by the record the 139 acres of land, of which the land in controversy was a part, was the homestead of appellants at the time appellant John Zabawa executed the deed for 59 acres thereof to M. Krystiniak, and said deed not having been signed by Mrs. Zabawa was void, and appellees and those through whom they claim acquired no title thereby.

The assignment cannot be sustained. Appellants were living upon the 139 acres at the time the deed in question was executed and had established their homestead thereon prior to the execution of the deed; but, if the findings of the court before set out are sustained by the evidence, they had title only to an undivided interest in the 139 acres, and their homestead right attached only to their undivided interest and in no way affected the title of Krystiniak to his interest in the land, the legal title to which was then in the name of appellant John Zabawa. Under these facts the execution of the deed to Krystiniak by John Zabawa in pursuance of the agreement under which the land was purchased for himself and Krystiniak and the deed taken in his name was not a sale or conveyance of any part of appellants' homestead, and Mrs. Zabawa's signature was not required to make the deed valid.

Under the other assignments of error the appellants attack, on the ground that they are not supported by the evidence, the findings of the court before set out that the 139 acres of land purchased jointly by John Zabawa and M. Krystiniak and the deed therefor taken in the name of John Zabawa by agreement between them, and that the deed from John Zabawa to M. Krystiniak was executed in pursuance of a partition agreement between them, and the further findings that Mr. Krystiniak and his wife, Eva, after his death, were in possession of the 59 acres (except the 7 acres sold by Eva Krystiniak to defendant) claiming the same and paying all taxes thereon, and that neither of appellants claimed any part of this land nor paid taxes thereon until after the death of Eva Krystiniak.

Each of these findings of the trial court is amply sustained by the evidence, and the assignments must be overruled.

[2] Upon the death of M. Krystiniak a one-half interest of the 59 acres vested in his two children, who, after the death of their mother, conveyed their interest to appellants. While the deed from Eva Krystiniak to defendant's predecessor in title was not signed by the children, the undisputed evidence shows that the remaining 52 acres of the 59-acre tract was of equal value per acre with the 7 acres, and therefore the deed from Eva conveyed full title to the 7 acres. Wilson v. Helms, 59 Tex. 680; Peak v. Swindle, 68 Tex. 242, 4 S. W. 478.

[3] It is unnecessary for us to pass upon the assignments of error attacking the findings of the court upon the issue of limitation, and the refusal of the court to grant plaintiffs a new trial on the ground of newly discovered evidence upon the question of defendant's possession and occupancy of the land. The defendant having acquired title by the deed from Eva Krystiniak, the question of whether their possession under said deed has been of such character as to give them title by limitation becomes immaterial.

From what we have said it follows that the judgment should be affirmed, and it has been so ordered.

Affirmed.

---

⚖⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes