E. B. GERMANY ET AL V. J. B. TURNER ET AL.

No. 7127.  Decided January 25, 1939.
Rehearing overruled March 1, 1939.
(123 S. W. 2d Series, 874.)

492

*Angus G. Wynne,* and *B. J. Wynne,* both of Longview, *Prentice Wilson* and *J. W. Hassell,* both of Dallas, and *Dan Moody,* of Austin, for plaintiff in error.

It was error for the Court of Civil Appeals to hold that the defendants were entitled to recovery of any portion of land, and the Court of Civil Appeals had no right or jurisdiction to render judgment in favor of defendants for the undisputed claimed interest of the non-appealing parties who were not minors. The rights, and claims of the appealing and non-appealing parties are in no way interwoven. Anderson v. Silliman, 92 Texas 560, 50 S. W. 576; Adams v. Houston Natl. Bank, 1 S. W. (2d) 878; Western Union Tel. Co. v. Johnson, 224 S. W. 203.

*Clyde F. Wynne,* and *Bramlette, Levy & Dotson,* all of Longview, *T. L. Holden,* of Washington, D. C., *J. L. Lancaster, Robertson, Leachman, Payne, Gardere & Lancaster,* all of Dallas, and *Black, Graves & Stayton,* of Austin, for defendants in error.

Under the undisputed evidence the defendants in the trial court were the owners of an undivided 19/48ths interest in the 20 1/3 acres of land in suit, and the plaintiffs never acquired their legal or equitable interest in such land. Storey v. Flanagan, 57 Texas 649; Lancaster v. Snider, 207 S. W. 560; Rudolph v. Hively, 188 S. W. 721.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

Prior to 1911 Jones Moore and wife, Susan Moore, were owners of a tract of 160 acres of land in Gregg County. It was community property. Jones Moore died in 1911, intestate, leaving a number of children as his heirs. One or more of the children died prior to December 3, 1915, and the mother, Susan Moore, took from such children a small interest in the land in addition to her one-half community interest.

December 3, 1915, Susan Moore and one of the children, Boston Moore, executed and delivered to Albert Albright a deed of conveyance to a specific 20 1/3 acres of the 160-acre tract. The names of four of the other children were signed to this deed, but for the purpose of this decision it will be taken as true that as to

them the deed was a forgery. The pertinent portions of this deed are as follows:

"The State of Texas)
County of Gregg    )      Know All Men by These Presents:

"That we—Susan Moore, surviving wife of Jones Moore, deceased, Boston Moore, Jonas Moore, Lilly Moore and Mossy Moore, Grammer Moore, sole children and heirs at law of Jones Moore, deceased, of the County of Gregg, State of Texas, for and in consideration of the sum of one hundred sixty-six dollars sixty-six and two-thirds cents, dollars, to us paid by Albert Albright, the receipt whereof is hereby acknowledged, as follows:

"Have granted, sold and conveyed, and by these presents do grant, sell and convey, unto the said Albert Albright, of the County of Gregg, State of Texas, all that certain tract or parcel of land situated and described as follows: (Here follows specific description of the 20 1/3 acres)

"To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Albert Albright his heirs and assigns forever; and we do hereby bind ourselves, our heirs, executors and administrators, to warrant and forever defend all and singular the said premises unto the said Albert Albright, his heirs and assigns, against every person whomsoever lawfully claiming, or to claim the same, or any part thereof."

This deed bore a certificate of acknowledgment in due form, and was filed for record December 11, 1915. By various conveyances and assignments title to this 20 1/3 acres and the minerals therein passed to plaintiffs in error.

Prior to the death of Susan Moore she and the heirs of Jones Moore conveyed another tract of 25 acres out of the 160 acre survey. Susan Moore died intestate in January, 1917. She left several children and grandchildren surviving, who took all of her interest in the balance of said 160 acres, less said 20 1/3 acres and 25 acres. Said balance consisted of all of said 160 acres south of the railroad track, containing 115 acres more or less.

After the death of Susan Moore her said heirs, either separately or jointly, executed deeds, mineral conveyances, leases, assignments and other instruments conveying all of said 160 acres, less the 20 1/ acres and said 25 acres, and the minerals therein, and in several of these instruments this 20 1/3 acres was expressly excepted as having been sold to Albright, or was referred to as having been conveyed to said

Albright, and as being owned by him. In this manner said heirs expressly dealt with all of the balance of said 160 acres as the unqualified and exclusive owners of same, and as to much of said balance, and the mineral interests therein, have entirely parted with all title.

After delivery of the above-mentioned deed, Albright fenced and took possession of said 20 1/3 acres of land, and he and those holding under him claimed and exercised ownership over same, with actual possession, use and occupancy for most of the time prior to the filing of this suit. It is not necessary to determine whether such possession was sufficient to raise an issue of fact as to title by limitation.

This suit was instituted by E. B. Germany, Pilot Oil Company, a corporation, and Elbert Hoyt, successors in title to Albert Albright, and they will be referred to as plaintiffs. The suit was against certain of the heirs of Jones Moore and Susan Moore and parties claiming under them. They will be designated defendants. The suit was to recover the 20 1/3 acres, and was in the nature of trespass to try title. There were, however, several special pleas, and the pleading was sufficient to support a recovery upon the ground which is made the basis of this decision.

The defendants are claiming a 35/96 undivided interest in the 20 1/3 acres. This is upon the theory that as the names of four of the Jones Moore heirs were forged to the deed of conveyance, their interests did not pass, and that those holding under the deed from Albright are not entitled to recover anything more than the undivided interest which Susan Moore and Boston Moore had in the tract at the time of the deed. In the district court, at conclusions of the testimony of all parties, the court instructed a verdict in favor of plaintiffs for the whole 20 1/3 acres. This judgment was reversed by the Court of Civil Appeals, and judgment was rendered in favor of defendants for an undivided 35/96 undivided interest, on the theory that the deed purported to convey only the individual undivided interests of Susan Moore and Boston Moore, and as to the four children whose names were forged to the deed their title did not pass. The Court further held that the plaintiffs were not entitled to recovery under the theory of equitable partition. 94 S. W. (2d) 1177.

In the last analysis, the case turns upon the construction of the foregoing mentioned deed. If it be construed as evidencing an intention on the part of Susan Moore to convey the tract of land described, and not merely her individual un-

divided interest therein, then there can be no dispute that plaintiffs are entitled to recover the tract as a whole. This upon the theory of equitable partition, if not also upon the question of after acquired title by estoppel, as the result of the general warranty of Susan Moore. The following illustrative cases make this certain: Brown v. Elmendorf, 87 Texas 56, 26 S. W. 1043; Moore v. Leigh, 15 Texas 519; Zabawa v. Allen, 228 S. W. 664; Wells v. Heddenberg, 11 Texas Civ. App., 3, 30 S. W. 702; Finley v. Dubach, 105 Kan. 664, 185 Pac. 886; Merriweather v. Jackson, 38 S. W. (2d) 599.

After a most exhaustive and careful study of the matter, we have reached the conclusion that the deed in question must be construed as evidencing an intention on the part of Susan Moore to convey said tract of 20 1/3 acres, and not merely her individual undivided interest therein. A casual glance at the instrument shows that but for the opening recitals naming Susan Moore as "surviving wife of Jones Moore, deceased," and the naming of the children as "sole children and heirs at law of Jones Moore," the question of what was conveyed could not even be one of dispute. The deed expressly grants, sells and conveys "all that certain *tract* or *parcel* of land." Then follows the particular description, concluding with the expression "containing in all 20 1/3 acres of land more or less." The habendum clause pertains to the "above described premises." The warranty binds "we," "ourselves," "our heirs, executors and administrators" to warrant and defend "said premises," and is general in all respects. Notwithstanding the unmistakable import of all the operative portions of the deed, defendants strenuously contend that because Susan Moore is referred to as the surviving wife of Jones Moore and the children are referred to as sole heirs at law of Jones Moore, this alone determines the intention, and shows that the deed purported to convey only individual interests. We have found no authority to support this conclusion, and it appears to us to be contrary to general principles of construction and the trend of decision. The following decisions are in principle more or less in point: Merriman v. Blalack, 56 Texas Civ. App., 594, 121 S. W. 552, Sub. 6, (Writ Ref.); West v. Herman, 104 S. W. 428, Sub. 1, (Writ. Ref.); Rettig v. West End Realty Co., 254 S. W. 765; Johnson v. Johnson, 170 Mo. 34, 70 S. W. 241, Sub. 2; Hamilton v. Fenton, 119 Mich. 580, 78 N. W. 659.

For the following reasons we conclude that the deed in question should be held to show an intention on the part of

Susan Moore to convey said 20 1/3 acres as such, and not merely her undivided interest therein:

1. As above set forth, this is the plain purport and meaning of the granting, habendum and warrant clauses of the instrument.

■ 2. There can be no question that the covenant of general warranty, on the part of Susan Moore pertains to the whole 20 1/3 acres and not merely to her undivided interest. It seems to be well settled that when two or more persons execute a deed containing a clause of general warranty, which does not express any limitation or exceptions, the grantors each become bound to the grantee as joint and several warrantors, regardless of the extent of the interest actually conveyed by each. Moses v. Chapman, 280 S. W. 911 (Sub. 3); Ragle v. Dedman, 50 Ind. App., 359, 98 N. E. 367; Ashburn v. Watson, 8 Geo. App. 566, 70 S. E. 19 (Sub. 2); Phipps v. Sappenfield, 54 Ind. App. 139, 102 N. E. 841; Williams v. O'Donnell, 225 Pa. 321, 74 Atl. 205 (Sub. 4), 26 L. R. A. (N. S.) 1094.

■ While the fact that a grantor has warranted title to the whole tract conveyed is not conclusive, it is a strong circumstance indicating an intention to convey the whole and not merely the grantor's interest. We think such circumstance of unusual importance in this instance. Photostatic copy of the original deed is in the record. An examination of this deed, in light of the testimony, leaves no reason for doubt that the names of the four children who did not sign the instrument were signed thereto by Susan Moore, or by the notary with her knowledge and consent. She is presumed to have known that their interests would not pass by such a transaction. Notwithstanding such knowledge, she was willing to warrant title to the whole tract. These circumstances indicate a desire to at least lead the grantee to believe that the tract as a whole was being conveyed by her and not merely her individual interest.

■ 3. While it is of course the duty of the Court to consider all parts of a deed, and if possible determine the intention of the grantors from a consideration of all its parts, giving effect to all parts if that can be done, yet it is not infrequent that a situation arises where it becomes necessary to resolve a conflict between certain portions of the deed. It is well settled that if there be an irreconcilable conflict between the granting, habendum and warranty clauses on the one side, and the premises or recitals on the other, the premises or recitals must yield to the other portions. Moore v. City of Waco, 85 Texas

206, 20 S. W. 61; Burgess v. McCommas, 61 Texas Civ. App. 246, 129 S. W. 382 (Writ Ref.); Kynerd v. Hulen, 5 Fed. (2d) 160.

■ If in this instance the recitals in the premises be given the effect of limiting the estate conveyed to only the individual undivided interest of the grantors, then the premises are unquestionably in direct conflict with the granting, habendum and warranty clauses. This conflict can be avoided or resolved by giving to the recitals a construction that they are merely descriptio personae, as was done in the case of Merriman v. Blalack, supra, or were intended to refer to the source or history of title, and were not intended to create a limitation upon the quantity of the estate conveyed. In light of the above decisions we have no hesitancy in holding that the recitals with reference to the grantors were descriptio personae, and not a limitation upon the estate conveyed.

■ Much stress was laid in argument upon the contention that as the deed was a forgery as to four of the children, which the grantee presumptively knew, he and those holding under him were not in position to rely upon the rule of equitable partition. We do not think the argument is sound in this particular instance. It is undisputed that Susan Moore was the party who initiated the sale of the land, and, we are thoroughly convinced from an examination of the deed, was the active agent in putting the names of the children to the conveyance, or necessarily knew that it was being done. There is nothing to show that Albright had any actual knowledge of any forgery. We do not think he and those holding under him should be denied the privilege of invoking said rule. Albright knew, as the proof discloses, that the 20 1/3 acres was of no greater value proportionately than the balance of the land. Under the circumstances we think he only had to inquire whether or not any one of his grantors owned an undivided interest in the whole tract sufficient, in an equitable adjustment, to equal the tract which he was acquiring. As Susan Moore's undivided interest in the whole tract equalled at that time approximately 90 acres, Albright had a right to rely upon her deed, which, as we have seen, purported to convey the 20 1/3 acres, as sufficient to pass title to that tract under any kind of equitable adjustment. The heirs of Jones Moore, after the death of Susan Moore, inherited an interest from her of approximately 60 acres. This was burdened with the equities created by her deed and warranty. Finley v. Dubach, supra. The heirs then proceeded to deal with all of this interest as well as the balance

of the interest inherited from their father in such a way as to make it impossible for Albright and those holding under him to obtain an equitable adjustment, except by being awarded this entire 20 1/3 acres. The trial court was therefore correct in instructing a verdict for plaintiffs, regardless of all other pleas.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

Opinion adopted by the Supreme Court January 25, 1939.

Rehearing overruled March 1, 1939.