HARRIS, Judge,
dissenting.
I respectfully dissent. I would affirm Judge Rainwater in her ruling on the breach of warranty as well as the fraudulent misrepresentation count. While I do not argue with the majority opinion concerning its statement as to the principles of construction, I disagree with its conclusion. I would find that the instrument itself reveals that the Goolsbys owned only a one-half interest and were, by express language in the instrument, conveying only a one-half interest. It is unreasonable that the Pathares should expect that the Gools-bys were warranting more than they were conveying. The majority result, in my opinion, would only be appropriate if the grantors conveyed without specifically indicating the extent of their ownership and the limitation of their conveyance.[1] The terms of the standard warranty deed form should not prevail over the specific terms of conveyance (even if the form indicates that the several grantors shall be collectively referred to as grantor) because the *1348 specific limitation of the interest conveyed better indicates the true intent of the parties.

. In neither W.C. McBride, Inc., v. Calvin Oil Co., 53 Ill.App.2d 194, 202 N.E.2d 676 (Ill.App.Ct.1964) nor Germany v. Turner, 123 S.W.2d 874 (Tex.Ct.App.1939), relied on by the majority, did the owner of a limited interest specify in the instrument of conveyance what his interest was nor that his conveyance was limited to that interest. In each case, they were general grantors and subject to the general warranty.