# MARCH, 1915

## T. H. NICHOLS v. MRS. S. E. SCHMITTOU ET AL.

### No. 2390.    Decided March 3, 1915.

**Deed—Quit Claim—Innocent Purchaser.**

   A deed whereby the land described is "granted, sold and conveyed" with usual habendum and general warranty clauses, is a conveyance of the land described, and not merely a quit claim of the grantor's interest therein, though it contains a recital that it is intended to convey all the right, title and interest which the grantors "may have either from purchase, gift, devise or inheritance in and to the above lands and all the lands" of ancestors named. An innocent purchaser will be protected, under such deed, from an undisclosed parol trust created by a former conveyance to the grantor. (Pp. 55-57.)

   Error to the Court of Civil Appeals, Seventh District, in an appeal from Clay County.

   Nichols sued Dunham and others for partition of land. Mrs. Schmittou was impleaded and appealed from the judgment of partition. On reversal and remand Nichols obtained writ of error.

   *W. T. Allen* and *Taylor & Humphrey,* for plaintiff in error.—The intention of the grantors as clearly evidenced from the face of said deed was to convey the land instead of the chance of title, and the court erred in not construing said deed to be a conveyance of the land. Moore v. Swift, 29 Texas Civ. App., 51; Wynne v. Ward, 41 Texas Civ. App., 232; Bedford v. Raynor Cattle Co., 13 Texas Civ. App., 318; Garrett v. Christopher, 74 Texas, 453; Finch v. Trent, 3 Texas Civ. App., 568; Laughlin v. Tips, 8 Texas Civ. App., 649; Merriam v. Blalack, 121 S. W., 557; Merriam v. Blalack, 122 S. W., 409; Chew v. Kellar, 71 S. W., 172 (Mo.); Gaskins v. Hunter, 92 Va., 528.

   *Speer & Weldon,* for defendant in error Schmittou.—The conveyances from appellant and her husband to Eliza Dunham to the 221½ acres, composed of tracts Nos. 1, 2 and 4, did not pass the title in fee simple to her but only in trust for the Dunham heirs. Moore v. Smith, 19 S. W., 781; Hicks, v. Pogue, 33 Texas Civ. App., 333; Cattle Co. v. Cooper, 39 Texas Civ. App., 99; Pearce v. Dyess, 45 Texas Civ. App., 406; Law of Married Women, paragraph 239.

   Where the intention of the parties to an instrument of conveyance is that the interest and claim and chance of title passes, such conveyance is, in effect, a quit claim deed and will not support the plea of innocent purchaser. Rodgers v. Burchard, 34 Texas, 442; Harrison v. Boring &

Kennard, 44 Texas, 255; Richardson v. Levy, 67 Texas, 359; Finch v. Trent, 3 Texas Civ. App., 568; Culmell v. Borroum, 13 Texas Civ. App., 458; Hunter v. Eastham, 95 Texas, 648; Slaughter v. Coke County, 34 Texas Civ. App., 598; Baldwin v. National Bank, 104 Texas, 122.

*Montgomery & Britain,* for defendants in error Henrietta and Joseph Dunham.

MR. JUSTICE PHILLIPS delivered the opinion of the court.

The suit was instituted by the plaintiff in error, Nichols, against Joseph Dunham and Henrietta Dunham, minors, to partition a tract of land of two hundred and twenty-one acres, approximately, in which he claimed to own an undivided three-fourths interest. The minor defendants in their pleading asserted their ownership of the remaining one-fourth interest in the tract, and impleaded the defendant in error, Mrs. Schmittou, alleging that they were the owners of an undivided one-fourth interest in certain lands comprising one hundred and seventy acres claimed by her, praying for a partition of both tracts accordingly. All of the land in question was the community property of Joseph A. Dunham and Emily Dunham, the grandparents of the minor defendants, and the parents of Mrs. Schmittou. Joseph A. Dunham died prior to the year 1899, leaving surviving him his wife, Emily Dunham, and two children, Mrs. Schmittou and H. O. Dunham, the father of the minor defendants. H. O. Dunham died in the year 1899. Following his death, Mrs. Emily Dunham, the surviving wife of Joseph A. Dunham, on September 29, 1899, conveyed her community interest in these lands to Liza Dunham, the surviving wife of H. O. Dunham and the mother of the minor defendants, and Mrs. Schmittou, her daughter. On the same day Mrs. Liza Dunham and Mrs. Schmittou executed partition deeds in favor of each other, whereby the two hundred and twenty-one acres, in which Nichols asserted his three-fourths interest, were conveyed to Mrs. Dunham, and the one hundred and seventy acres, sought by the minors to be partitioned against Mrs. Schmittou, were conveyed to the latter. Thereafter Mrs. Liza Dunham married E. O. White. On February 11, 1905, she and her then husband conveyed the two hundred and twenty-one acres to Will Simpson by deed in the following form:

"State of Texas,
County of Montague.

"Know all men by these presents:

"That we, Liza White, formerly Liza Dunham, joined by my husband, E. O. White, of the County of Wise and State of Texas, in consideration of fifteen hundred and fifty dollars to us in hand paid by Will Simpson and Alace Simpson, the receipt of which is hereby acknowledged, have granted, sold and conveyed, and by these presents do grant, sell and convey unto Will Simpson and Alace Simpson of the

County of Clay, State of Texas, all that certain tract or parcel of land, each of said tracts being in Clay County, Texas, as follows, towit: (Here follows a description by metes and bounds of the 221 acres.)

"*The intention of the parties hereto is to convey any and all right, title and interest they may have either from purchase, gift, devise or inheritance in and to the above lands and all the lands of Joseph Dunham and his wife Emily Dunham.*

"To have and to hold the above described premises, together with all and singular, the rights and appurtenances thereto in anywise belonging, unto the said Will Simpson and Alice Simpson, and their heirs and assigns forever. And we do hereby bind ourselves, our heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said Will Simpson and Alice Simpson and their heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

"Witness our hands," etc.

Thereafter, the two hundred and twenty-one acres were conveyed by Simpson and wife to Nichols by special warranty deed.

Mrs. Schmittou pleaded that the partition of the lands had been made between Mrs. Liza Dunham and herself, investing her with the full title to the one hundred and seventy acres; that the two hundred and twenty acres were at that time conveyed by her to Mrs. Liza Dunham in trust for the minor defendants, of which the plaintiff, Nichols, had notice in his purchase, and that he was not an innocent purchaser of the tract. She further asserted that the consideration for her conveyance of the two hundred and twenty-one acres to Mrs. Liza Dunham was the latter's conveyance to her of the one hundred and seventy acres, and that if the minor defendants recovered any interest in the latter tract, that the consideration for her conveyance would have failed; and she prayed, in such event, for a rescission and the cancellation of her conveyance, and that she be reinvested with the title to the one hundred and seventy acres.

The trial court found that Nichols purchased the two hundred and twenty-one acres from Simpson for $3000 with notice of the interest of the minor defendants in the tract,—which interest Nichols recognized in his suit,—but without notice of any of the matters set up by Mrs. Schmittou. Judgment was rendered decreeing to Nichols an undivided three-fourths interest in the two hundred and twenty-one acres; to Mrs. Schmittou a similar interest in the one hundred and seventy acres; to the minor defendants an undivided one-fourth interest in both tracts; ordering a partition of the lands accordingly; and denying to Mrs. Schmittou any recovery against Mrs. Liza Dunham Staats (Mrs. Liza Dunham having again married and being the wife of T. N. Staats at the time of the trial) and her husband.

The honorable Court of Civil Appeals held that the evidence established that the conveyance by Mrs. Schmittou of the two hundred and twenty-one acres to Mrs. Liza Dunham was in trust for the minor defendants, and that the clause which we have above italicized in the

deed of Mrs. Liza Dunham White and husband to Simpson, rendered it merely a quit claim deed, and, therefore, incapable of sustaining Nichols' claim as an innocent purchaser. It reversed the judgment and remanded the cause.

Upon the death of Joseph A. Dunham, H. O. Dunham, the father of the minor defendants, inherited an undivided one-fourth interest in the lands involved in the suit; and upon the death of H. O. Dunham this interest passed to the minor defendants. The so-called partition between their mother, Mrs. Liza Dunham, and Mrs. Schmittou was, of course, ineffectual to divest them of it.

The conveyances made by Mrs. Emily Dunham, the widow of Joseph A. Dunham, to Mrs. Liza Dunham and Mrs. Schmittou passed to them an undivided one-half interest in all the lands. Mrs. Schmittou had inherited an undivided one-fourth interest upon the death of her father, Joseph A. Dunham, and, upon the conveyance by Mrs. Emily Dunham of her interest, she accordingly became invested with an undivided three-fourths interest. Her deed to Mrs. Liza Dunham passed such interest in the two hundred and twenty-one acres. It likewise passed to Simpson, and Nichols' claim as an innocent purchaser from him was entitled to be sustained, under the findings of the trial court, unless the conveyance by Mrs. Liza Dunham White and her husband to Simpson had only the legal effect of a quit claim deed.

It is clear, we think, that this deed amounted to a conveyance of the land to the full extent of Mrs. White's interest as distinguished from merely such title as she then possessed. The granting clause plainly recites the sale and conveyance of the land itself, describing it fully. The habendum clause is, "to have and to hold the above described premises," etc.; and it is followed by a general warranty clause which "warrants the premises" unto the grantees and their heirs and assigns. Taken in connection with these other parts of the deed, the clause to which we have referred was evidently intended, not as a limitation of the conveyance to merely such title as the grantors held, but to emphasize that their full interest in the land, whether derived by "purchase, gift, devise or inheritance," was granted. A deed which purports to convey the full interest of the grantor in the land described is plainly distinguishable from a mere grant of a title, whatever it may be. White and Newman v. Frank, 91 Texas, 66, 40 S. W., 962; Lindsay v. Freeman, 83 Texas, 259, 18 S. W., 727; Abernathy v. Stone, 81 Texas, 430, 16 S. W., 1102; Garrett v. Christopher, 74 Texas, 453, 12 S. W., 67; Moore v. Swift, 29 Texas Civ. App., 51, 67 S. W., 1065.

We think the trial court correctly determined the case. The judgment of the Court of Civil Appeals is accordingly reversed, and that of the District Court is affirmed.

*Reversed and judgment of District Court affirmed.*