SPANGLER et al. v. SPANGLER et al.

No. 4054.

Court of Civil Appeals of Texas. Texarkana.
Sept. 17, 1931.

A. L. Robbins, of Clarksville, for appellants.

B. C. Jones, of Clarksville, for appellees.

WILLSON, C. J. (after stating the case as above).

It appears in the record sent to this court that the land in controversy belonged to the community estate between appellee's father, James Spangler, who died intestate in 1903, and his mother, M. E. Spangler, who died intestate in 1926. As one of twelve children of said James and M. E. Spangler, appellee, on the death of his father, took a $\frac{1}{24}$ undivided interest in the land, and, on the death of

his mother, took another $\frac{1}{24}$ undivided interest therein.

By a deed dated November 13, 1917, appellee conveyed an interest in the land to J. N. Spangler, whose rights and title passed to appellants. In the habendum clause of said deed the interest in the land so conveyed was stated to be an undivided $\frac{1}{12}$ interest, but the statement was followed by a clause as follows: "It being my intention to convey all my interest in and to said tracts of land by reason of being a child and legal heir of James Spangler, deceased."

The controverted question between the parties was, and is, as to whether the effect of the deed was to pass an undivided interest of $\frac{1}{12}$ in the land to J. N. Spangler, or instead to pass to him an undivided interest of only $\frac{1}{24}$.

Appellants' contention was, and is, that in determining the intention of the parties to the deed the habendum clause should be allowed to control, and that the other clause, quoted above, "should be treated as merely a description of the source of title." They cite Rettig v. Realty Co. (Tex. Com. App.) 254 S. W. 765, 768, as a case supporting their contention. In that case, the property in question was described in the deed from Taylor Harris as all of his "right, title and interest, being an undivided $\frac{1}{2}$ interest inherited as sole heir of Martha Harris," whereas a part of the interest he owned and conveyed was inherited from Milton Harris, and not from Martha Harris. It was held it appeared the intention of Taylor Harris was to convey an undivided $\frac{1}{2}$ interest in that land, and that describing same as an interest he had inherited as heir of Martha Harris, merely indicated the source of his title and was "not a limitation or restriction on the interest conveyed, as the deed passed not only this particular interest, but all right, title and interest." It is apparent that a difference, a controlling one, we think, between the case cited and this one lies in the fact that in that one Taylor Harris owned the land in question at the time he conveyed it, while in this one appellee, at the time he made the deed to J. N. Spangler, did not own the undivided $\frac{1}{24}$ interest he inherited from his mother. It is clear to us, that the clause in the deed, in which appellee declared his intention to be to convey only an interest he then owned as an heir of his father, forbids the conclusion contended for by appellants that when appellee described in the habendum clause in his deed the interest he was conveying as an undivided $\frac{1}{12}$ he intended by such description to convey the $\frac{1}{24}$ interest he did not then own, but afterwards inherited from his mother.

If, as we think it should be, the deed is construed as operating to pass to J. N. Spang-ler only the undivided $\frac{1}{24}$ interest owned by appellee as an heir of his father, of course the contention that the effect of the covenant of warranty in appellee's deed was to estop appellee from asserting title to the undivided interest he afterward took from his mother should not be sustained.

We think there is no error in the judgment. Therefore it is affirmed.