GULF OIL CORPORATION et al., Appellants-Appellees,

v.

SHELL OIL COMPANY et al., Appellees-Appellants.

No. 6857.

Court of Civil Appeals of Texas.

Beaumount.

Oct. 20, 1966.

Rehearing overruled Nov. 9, 1966.

Ben G. Sewell, Fred A. Lange, Joyce Cox, Claude C. Roberts, W. G. Winters, Jr., Houston, for appellants and appellees.

W. R. Eckhardt, W. R. Choate, Robert L. Bradley, Larry W. Morris, George H. Hagle, Houston, for appellees and appellants.

PARKER, Justice.

Kirby Lumber Corporation, hereinafter called "Kirby", and its lessee, Gulf Oil Company, hereinafter called "Gulf", brought this action against the defendants, hereinafter designated, seeking a declaration with respect to three questions:

1. Whether the South One-half (½) of the Clayton Harper League was the separate property of A. B. Hardin (Sr.), or the community property of A. B. Hardin (Sr.) and his second wife, Maria Devers Hardin.

 The trial court found that title to such land was community property of A. B. Hardin, Sr. and Maria Devers Hardin.

2. Whether after acquired title, if any, passed under the deed dated March 14, 1894 from Abner McMurtry to John H. Kirby.

 The trial court found that no after acquired title passed under said deed.

3. Whether one-half of the interest of the five minor children of Sarah Hardin McMurtry in the South One-half (½) of the Clayton Harper League vested in George W. Davis and William F. Hardin under and by virtue of the deed, assignment, and power of attorney dated November 28, 1873.

 On this issue, the trial court held that said power of attorney and deed dated November 28, 1873 was void as to the McMurtry minors upon the execution and delivery thereof, but further held that the said McMurtry minors after reaching majority and before March 14, 1894 knew of said power of attorney and deed, accepted the benefits of the performance rendered thereunder and accepted, confirmed, adopted, ratified and acquiesced in said power of attorney and deed, and, that accordingly the McMurtry minors and those holding under them, including Gulf and Kirby, are bound by the power of attorney and deed and are estopped to deny that one-half of the rights, titles, or interests of the McMurtry minors passed to and vested in the said George W. Davis and William F. Hardin.

The defendants in this action were:

(a) *The Davis Group*: Republic National Bank of Dallas, as Independent Executor and Trustee of the Estate of Wirt Davis, Deceased; Wirt Davis, II; Patricia Davis Beck and husband, Henry C. Beck, Jr; and Camilla Blaffer and husband, John H. Blaffer.

(b) *The Humphreys Group*: John S. Boles, Administrator with the Will Annexed of the Estate of Geraldine D. Humphreys, Deceased; and The Humphreys Foundation.

(c) *Claud B. Hamill.*

(d) *Shell Oil Company*, hereinafter called "Shell"

(e) *The Campbell Group*: Larry W. Morris; Walton D. Taylor; Roy C. Sewell and Ben G. Sewell, each individually and as Independent Executors of the Estate of Bonner S. Dorset, Deceased, and as Trustees under the Will of the said Bonner S. Dorset, Deceased; The Dorset Foundation, Inc.; Lucille C. Bailey and husband, Lloyd F. Bailey, Sr.; Phonsie Campbell; G. C. Campbell and Marshall Dougherty.

(f) *The Karsten Group*: Montana Properties, Inc.; The Chase Manhattan Bank of New York City; The Regents of the University of California; New York Life Insurance Company; Republic National Bank of Dallas in its capacity as Trustee of the Savings and Profit Sharing Retirement Fund of Republic National Bank employees, and as Trustee for The Chase Manhattan Bank, the Regents of the University of California, and New York Life Insurance Company; Veda Mae Glesby; Gerald Rauch; Leonard Rauch and Harry Dow as Independent Executors of the Estate of Morris

Rauch, Deceased; Birdie Rauch, widow of Morris Rauch; Veda Mae Glesby, Gerald Rauch, and Leonard Rauch, Individually; George Bergman and wife, Rheba Bergman (formerly Rheba J. Spiner), Individually and as Independent Executors of the Estate of Gertrude Pulaski, Deceased; Jewel Pulaski; Dan J. Pulaski; Robert Sud and Dean Meyers, Individually, and as Independent Executors of the Estate of Louis Pulaski, Deceased, joined by Betty Ann Sud, Individually; Floyd L. Karsten, Individually and as Independent Executor of the Estate of Maxine Karsten, Deceased; The Floyd L. Karsten, Jr. Foundation; Raybourne Thompson; Oil and Gas Property Management, Inc.; Nafco Oil and Gas, Inc.; Ruth Freed Pulaski and Dean Myers, Trustees of the Ruth Freed Pulaski Trust, and as Independent Executors of the Estate of Edward J. Pulaski, Deceased; George L. Nye, Trustee; Cynthia W. Mitchell and husband, George P. Mitchell; Ethel Janet Boyle, and husband, W. Stewart Boyle; The Culver Educational Foundation; Malcolm C. Damuth, Trustee; and Harry Leyendecker.

The questions determined by the trial court make a difference in the ownership of the land involved among the parties.

A. B. Hardin, Sr. was married twice. By his first marriage one child was born in 1819, namely, Augustus Blackburn Hardin. The first marriage of A. B. Hardin, Sr. is presumed to have been dissolved by divorce, for A. B. Hardin, Sr. married Maria Devers in 1828. Maria Devers Hardin died intestate in 1844, survived by her husband, A. B. Hardin, Sr. and five children by their marriage. In 1838 Certificate No. 34 for one league and labor of land was issued to the heirs of Clayton Harper. The sole heir of Clayton Harper was Margaret Harper. In 1839 William Hardin, guardian of Margaret Harper, a minor, executed a locative contract with A. B. Hardin, Sr. under which the Harper League in Liberty County was located in 1856. A. B. Hardin, Sr. died intestate in 1871.

In the suit of Abbott et al. v. Gulf Production Co. et al., Tex.Civ.App., 100 S.W.2d 722, in an opinion by this court of December 23, 1936, writ of error dismissed, this question of title was before this court. Reference is made thereto for its holdings and history of the title. R. W. Abbott, et al, plaintiffs, sued in trespass to try title for the south half of the Harper League. The defendants, Gulf Production Co., et al, had a plea of not guilty. Other pleadings were before the court but were dismissed. This court held:

"that A. B. Hardin had a valid contract with the guardian of the minor and that under this contract he acquired a vested interest and that, operating under this contract, the land in controversy was located and by virtue of this contract he acquired a one-half interest in the land."

■ All parties to this cause deraign title under the successful defendants in the suit of Abbott et al. v. Gulf Production Co. et al., supra. In defeating the prima-facie case of Abbott, et al, the defendants, Gulf, et al, relied upon the A. B. Hardin, Sr. contract of 1839 as vesting an interest in him on that date which ripened into title upon location of the land. Such defendants had no other title to assert. The original right and inception of title in A. B. Hardin, Sr. is the contract of 1839. This court, in the 1936 opinion, based this conclusion upon the case of Wren v. Harris, 78 Tex. 349, 14 S.W. 696, 697. Other cases in point are Manchaca v. Field, 62 Tex. 135 (S.Ct. 1884), and Welder v. Lambert, 91 Tex. 510, 44 S.W. 281 (S.Ct.1898). Further, in John Hancock Mutual Life Ins. Co. v. Bennett, 159 S.W.2d 892 (Tex.Civ.App.1942, err. ref'd), it was held:

"The rule seems to be that the character of title is to be determined by the transaction in which it was acquired, that is, in the inception of title. Smith v. Buss, 135 Tex. 566, 144 S.W.2d 529 * * *"

■ The points of error of Shell and the Campbell Group contending that the trial

**264**

court incorrectly held that the south ½ of the Clayton Harper League was the community property of A. B. Hardin, Sr. and Maria Devers Hardin are each and all overruled.

 Kirby and Gulf contend that the trial court erred in failing and refusing to hold that the deed of Abner McMurtry to John H. Kirby would pass after acquired title. Such deed is as follows:

"STATE OF TEXAS ⎱
COUNTY OF HARRIS ⎰

THAT I, Abner McMurtry of the County of Hill in the State aforesaid for and in consideration of the sum of Eight Hundred and Fifty Dollars ($850.-00) to me in hand paid by Jno. H. Kirby, have granted, sold and conveyed and by these presents do grant, sell and convey unto the said Jno. H. Kirby of the County of Harris, in the State of Texas, all that certain piece or portion of land consisting of four hundred and twenty-five and 9/10 (425 9/10) acres or more being an undivided part of a league of land granted to Clayton Harper, situated in the N.W. part of Liberty County, Texas, said 425 9/10 or more being made up of the following interests in the Estate of A. B. Hardin, to-wit:

My own interest as an heir of my mother, Sarah H. McMurtry; Nee Hardin; *Also,* the interest of my brother, Augustus McMurtry, conveyed to me by him by deed dated December 11th, 1893. Also the interest of W. B. Green, conveyed to me by deed dated the 6th day of March, 1894. Also the interest of Quitman Van Deventer conveyed to me by Deed dated the ___ day of _____, 1893, and recorded in Vol. L, page 504, of the Deed Records of Liberty County, Texas.

TO HAVE AND TO HOLD the above described premises together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Jno. H. Kirby, his heirs and assigns forever, and I do hereby bind myself, my heirs, executors and administrators to warrant and forever defend, all and singular the said premises unto the said Jno. H. Kirby, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

WITNESS my hand at Houston, Texas, this 14th day of March, A.D. 1894.

Abner McMurtry"

At the time if the execution of this deed by Abner McMurtry, he owned an undivided interest of 290.26 acres only. Thereafter, in 1904 Abner McMurtry acquired 1.45 acres by reason of the death of Percy McMurtry. The deed of 1894 from Abner McMurtry to John H. Kirby was a conveyance of at least 425.9 acres with a general warranty clause and no contractual provision limiting the granting to Kirby of 425.9 acres. This conveyance of an undivided 425.9 acres controls any subsequent recitations in this deed which might restrict the granting clause to a conveyance of Abner McMurtry's ownership at the time he executed the deed. Since this deed conveyed at least 425.9 acres of land, when Abner McMurtry acquired 1.45 acres upon the death of Percy McMurtry, this after acquired undivided 1.45 acres passed to John H. Kirby. To construe this deed as only conveying the interest Abner McMurtry owned as an heir of his mother, etc., would make it a quit claim deed, would void the conveyance of an undivided 425.9 acres and make the habendum clause and warranty of such premises a nullity. As held in Nichols v. Schmittou, 107 Tex. 54, 174 S.W. 283 (1915) this deed conveyed the land itself—that is, an undivided 425.9 acres. In so construing the deed from McMurtry to Kirby, the following is applicable:

"It is well settled that if there be an irreconcilable conflict between the granting, habendum and warranty clauses on the one side, and the premises or recitals on the other, the premises or recitals must

yield to the other portions." Germany v. Turner, 132 Tex. 491, 123 S.W.2d 874 (Comm.App.1939, opin. adopted by Supreme Court) and cases cited therein.

The rule of after acquired title prohibits the assertion of a title in contradiction of the warranty. Miles v. Martin, 159 Tex. 336, 321 S.W.2d 62 (1959); Benge v. Scharbauer, Tex.Civ.App., 254 S.W.2d 236, affirmed 152 Tex. 447, 259 S.W.2d 166, 168 (1953); Gould v. West, 32 Tex. 338, 339 (1869); Seydler v. Herder, 361 S.W.2d 411, 414, wr. ref'd n. r. e. (Tex.Civ.App.1962); Burns v. Goodrich, Tex.Civ.App., 392 S.W. 2d 689; White v. Dupree, 91 Tex. 66, 40 S. W. 962 (1897); Richardson v. Levi, 67 Tex. 359, 3 S.W. 444 (1887); Rettig v. West End Realty Co., 254 S.W. 765, 768 (Comm.App., adopted by Supreme Court); Greer v. Willis, 81 S.W. 1185, 1186 & 1187 (Tex.Civ.App.1904, wr. ref'd).

Kirby and Gulf's point of error with reference to this deed is sustained.

■ On November 28, 1873, a power of attorney and deed was executed and delivered by Sanders A. Hardin, Swan Hardin, Jerusha Hardin Green and husband, Stephen Green, Cornelia Hardin McNeil and husband, C. D. McNeil, and Abner Mc-Murtry as guardian of Liscum McMurtry, Abner McMurtry, Jr., Augustus McMurtry, Caroline V. McMurtry, and Sarah (Sallie) McMurtry, the surviving minor children of Sarah Hardin McMurtry, (hereinafter called McMurtry Minors), as grantors, to Geo. W. Davis and William F. Hardin, as grantees. Sarah Hardin McMurtry was one of the five children born of the marriage of A. B. Hardin, Sr. to Maria Devers. Said power of attorney and deed was filed for record on September 25, 1880, was recorded in Volume E at page 421 of the Deed Records of Liberty County, Texas, and it read as follows:

"THE STATE OF TEXAS ⎫
COUNTY OF LIBERTY ⎭

Whereas, Augustine B. Hardin, late of the County and State aforesaid, who departed this life on the 22nd day of July, A.D. 1871, did in his lifetime enter into an agreement in writing which is now understood to be on file in the General Land Office of the State of Texas with the owner or owners of the headright Certificate of Clayton Harper for one league or one league and labor of land, by the terms of which agreement the said Hardin was to have said Certificate located and procure a patent for the land so located from the State of Texas:—

And in consideration of his services in locating said Certificate and procuring patent, the owner or owners thereof agreed to convey to said Hardin the one-half of the land so located and patented.

And, Whereas, the said Hardin in pursuance of said agreement located said Certificate on vacant land lying in the County of Liberty on the East bank of the East San Jacinto River, and had the same surveyed and the field notes returned to the General Land Office of the State of Texas. Said Survey being bounded as follows:

On the North by surveys made for J. Coronado and James McCoy,

On the East by said McCoy's survey and a survey made for Burton Tarkington,

On the South by a survey made for Thomas Deorns and on the West by East San Jacinto River.

And, Whereas, the said Hardin had not at the time of his death attained a patent for said land, and it being necessary for the undersigned as surviving heirs of the said Hardin to procure the assistance of an Attorney in order to obtain said patent and carry out the terms of said agreement.

Therefore, Know all men by these presents, that we, Sanders W. Hardin and Jerusha Green, joined by her husband, Stephen Green and Cornelia McNeil joined by her husband Charles D.

McNeil, and Swan Hardin and Liscum, Abner, Jr., Augustine, Cornelia V. and Sallie McMurtry surviving children and heirs of Sarah McMurtry, deceased, all of the County of Liberty in said State, surviving children and heirs at law of the said Augustine B. Hardin have made, constituted and appointed and by these presents do make, constitute and appoint Geo. W. Davis and Wm. F. Hardin of said Liberty County, Attorneys at Law doing business under the firm name and style of Davis & Hardin, our true and lawful attorneys, both at law and in fact for us and in our names, places and stead, to apply for and obtain from the State of Texas, a patent for said land; And if from any cause it should not be possible to secure a patent for said land by virtue of the location made by said Hardin, then our said Attorneys are hereby authorized and empowered to do and perform every act or thing necessary to secure to us our interests under and by virtue of said agreement between Augustine B. Hardin and the owner or owners of said Harper Certificate, giving and granting unto our said Attorneys full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises as fully to all intents and purposes as we might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that our said Attorneys or their Substitutes shall lawfully do or cause to be done by virtue hereof.

And in consideration of the undertaking of said Attorneys in the premises and services to be performed by them hereunder, this power is hereby declared to be irrevocable.

And in further consideration of said undertaking and services we have bargained and sold and do by these presents convey to the said Geo. W. Davis and Wm. F. Hardin, the one-half of our entire interest legal or equitable of in and

to the land located as aforesaid, or to be located and patented by virtue of said Certificate as also of our right, title and interest in said Certificate by virtue of said agreement.

TO HAVE AND TO HOLD the same unto them, their heirs and assigns against us and each of us our heirs and assigns in fee simple forever.

In Testimony whereof, we hereunto set our hands and scrolls for seals on this the 28th day of November, A.D. 1873.

| | |
|---|---|
| S. A. Hardin | (SEAL) |
| Swan Hardin | (SEAL) |
| Stephen Green | (SEAL) |
| Jerusha Green | (SEAL) |
| Liscum McMurtry | (SEAL) |
| Abner McMurtry, Jr. | (SEAL) |
| Augustine McMurtry | (SEAL) |
| Caroline V. McMurtry | (SEAL) |
| Sallie McMurtry | (SEAL) |
| By C. A. McMurtry, Guardian | (SEAL) |
| Cornelia McNeil | |
| Charles D. McNeil | |

"THE STATE OF TEXAS
COUNTY OF LIBERTY

Before me, George Ricks, Clerk of the District Court in and for the State and County aforesaid, on this 9th day of December 1873, personally appeared S. A. Hardin, Swan Hardin, Stephen Green and Jerusha Green, (wife of said Stephen Green), A. McMurtry as the Guardian of Liscum, Abner, Jr., Augustine, Cornelia V. and Sallie McMurtry, Cornelia McNeil and Charles D. McNeil, husband of said Cornelia McNeil, parties to the annexed power of attorney of date November the 28th, A.D. 1873. Who signed and severally acknowledged to me that they had signed, sealed and delivered the same to G. W. Davis and W. F. Hardin for the uses, purposes and considerations therein set forth and expressed as their act and deed. And the said Jerusha Green, wife of said Stephen

Green, and Cornelia McNeil, wife of said Charles D. McNeil, having been by me examined privily and apart from their said husbands and having had the nature and character of said Power of Attorney fully explained to them, also declared to me that they had willingly signed, sealed and delivered the same as their own free and voluntary act and deed for the purposes and considerations therein expressed without any fear, compulsion or undue persuasion on the part of their said husbands and that they wished not to retract it.

In Witness whereof I have hereunto set my hand and seal of office at office in the Town of Liberty on this 9th day of December in the year A.D. 1873.

> Geo. Ricks, Clerk Dist. Ct.
> Liberty Co. Tex.

(SEAL) By Wm. Ricks, Deputy."

Since these minors owned land in the Harper League, even though patent therefor had not issued, the trial court correctly held:

"Under the laws in effect in the State of Texas in the year 1873 probate jurisdiction was vested in the District Court and based upon the holding of the Supreme Court in Glassgow v. McKinnon, 79 Tex. 116 [14 S.W. 1050] (1890) such court had no power to authorize a guardian of the person or estate of minors to enter into or make a contract or agreement such as that evidenced by the contract, power of attorney and deed above identified * * * was void as to the McMurtry Minors and did not pass to or vest in Geo. W. Davis or Wm. F. Hardin any part of the right, title or interest of the McMurtry Minors in the Clayton Harper League."

The points of error of the Davis Group, the Karsten Group, the Humphreys Group and Claud B. Hamil asserting that such power of attorney and deed dated November 28, 1873, was valid as to the McMur-try Minors upon the execution and delivery thereof are each and all overruled.

The trial court with reference to said November 28, 1873, deed further held:

"* * * Nevertheless, it is shown by the evidence that George W. Davis and William F. Hardin, acting under said Power of Attorney and Deed dated November 28, 1873, engaged in extensive correspondence with the Commissioner of the General Land Office, performed valuable and necessary services for the benefit of the heirs of A. B. Hardin and the heirs of Maria Devers Hardin, paid the patent fees and all other expenses incident to the issuance of the patent, caused the patent to the Clayton Harper League, Abstract 209, Liberty County, Texas, to issue to Clayton Harper, his heirs and assigns, received said patent and in all respects: (i) carried out and completed the obligations of A. B. Hardin under the said locative contract between William Hardin, Guardian of Margaret Harper, and A. B. Hardin, and (ii) fully performed all of the obligations of George W. Davis and William F. Hardin under said power of attorney and deed dated November 28, 1873.

"The said McMurtry Minors, after reaching majority and before March 14, 1894, knew of said power of attorney and deed dated November 28, 1873, accepted the benefits of the performance rendered thereunder by the said George W. Davis and William F. Hardin and accepted, confirmed, adopted, ratified and acquiesced in said power of attorney and deed dated November 28, 1873; accordingly the said McMurtry Minors and those holding under them, including the plaintiffs Gulf Oil Corporation and Kirby Lumber Corporation, are bound by said power of attorney and deed dated November 28, 1873, and further Gulf Oil Corporation and Kirby Lumber Corporation are estopped to deny that one-half of the rights, titles and interests of said McMurtry Minors in the said Clayton

Harper Survey passed to and vested in the said George W. Davis and William F. Hardin under said power of attorney and deed dated November 28, 1873."

None of the McMurtry Minors had attained majority when the patent was issued to the heirs of Harper. George W. Davis and William F. Hardin wrote letters and spent about forty dollars in causing patent to issue.

▓▓ No question of innocent purchaser is involved in this case. The superior and paramount beneficial and full title of the undivided ownership of the McMurtry Minors in the Harper League was vested in them upon the death of A. B. Hardin in 1871. Their title was only further assured by the issuance of the patent in 1875. Batcheller v. Besancon, 19 Tex.Civ.App. 137, 47 S.W. 296, 297, wr. denied (1898); Elliott v. Nelson, 113 Tex. 62, 251 S.W. 501, 503, 504 (1923); Abbott v. Gulf Production Company, 100 S.W.2d 722, 724, wr. dis'd (Tex.Civ.App.1937). Consequently, the title of the McMurtry Minors could not be defeated by a claim of stale demand, laches, non-claim or long delay in asserting title. Batcheller v. Besancon, supra; Carmichael v. Delta Drilling Co., 243 S.W.2d 458, 460, wr. ref'd (Tex.Civ.App.1951); Duren v. Houston & T. C. Ry. Co., 86 Tex. 287, 291, 24 S.W. 258, 259 (1893); also see Simonds v. Stanolind Oil & Gas Co., 134 Tex. 332, 114 S.W.2d 226, 235, where the court said "silence or failure to assert title to land while it is being adversely claimed, conveyed, or occupied is not of itself sufficient to create an estoppel."

▓▓ This is not a case where a minor individually signed an instrument involving land which he could have disaffirmed after attaining majority. On the contrary, none of the McMurtry Minors signed the deed and power of attorney of 1873. To each of them, it was void. In the case of Abbott v. Gulf Production Co., supra, there was no issue as to whether the 1873 power of attorney and deed was effective to convey

½ of the interest of the McMurtry Minors to George W. Davis and William F. Hardin. There had been a parol partition of the Harper League with those claiming under A. B. Hardin, Sr. in possession of the south ½ of said League, and Abbott, et al in possession of the north ½ of said League. Abbott, et al sued in trespass to try title for the south ½ of the League as against those claiming under A. B. Hardin, Sr., taking nothing by their suit as against each and all of the defendants without determining the undivided interest of any of the defendants. Gulf and Kirby urge that the trial court's finding that Abner McMurtry and those holding under him including Gulf and Kirby are estopped to question the 1873 power of attorney is completely without support in the evidence and must be disregarded. If such finding of fact by the trial court is not supported by the evidence then it has no effect. Houston Natural Gas Corp. v. Pearce, 311 S.W.2d 899, 903, wr. ref'd, n. r. e. (Tex.Civ.App. 1958) and authorities there cited. In passing upon the question of estoppel, the chain of title of Gulf and Kirby from the McMurtry Minors will be examined to determine whether or not the McMurtry children subsequent to 1873 executed deeds and other instruments which would constitute an estoppel or ratification of such 1873 power of attorney. The record contains the deeds into Abner McMurtry from the McMurtrys who were minors in 1873. The only reference in any such instrument to the 1873 power of attorney is the deed executed by Augustus McMurtry to Abner McMurtry on December 11, 1893, where the land is described as follows:

" * * * The land hereby conveyed consists of an undivided one third of two hundred and twenty one and two fifth (221⅖) acres out of said Clayton Harper League and for a further description of the same reference is made to the deed records of said Liberty County Book E page 421 which description is hereby made a part of this deed."

Such reference to the book and page where the 1873 instrument was recorded is limited to descriptive purposes. As held in Sharp v. Fowler, 151 Tex. 490, 252 S.W.2d 153 (1952), this is in no way an adoption or election by the grantor to bind himself to the terms of the 1873 void instrument purporting to convey one-half of his interest to William F. Hardin and George W. Davis. If such grantor had intended to confirm or ratify the conveyance to the two lawyers, it would have been simple for him to have said so. Also see Harris v. Windsor, 156 Tex. 324, 294 S.W.2d 798, 800, 801 (S.Ct.1956). Knowledge on the part of Augustus McMurtry of the 1873 instrument by itself, whether admitted orally or in writing, cannot be the basis of estoppel, or adoption or ratification of its terms on his part of those in privity to him.

The points of error of Kirby and Gulf complaining of the trial court's declaration on the question above discussed are sustained.

The judgment of the trial court is affirmed in declaring: (1) The south ½ of the Clayton Harper League was the community property of A. B. Hardin, Sr. and his second wife, Maria Devers Hardin; and (2) The power of attorney and deed dated November 28, 1873, was void as to the McMurtry Minors upon the execution and delivery thereof.

Judgment of the trial court as to its other holdings is reversed and here rendered that: (a) Under the deed dated March 14, 1894 from Abner McMurtry to John H. Kirby all title thereafter acquired by Abner McMurtry passed to and vested in John H. Kirby and those claiming under him until the conveyance of an undivided 425.9 acres in the south ½ of the Clayton Harper

League was satisfied; and (b) The McMurtry Minors after reaching majority in no manner accepted, confirmed, adopted, ratified and acquiesced in the power of attorney and deed of November 28, 1873. The McMurtry Minors and those holding under them, including Gulf and Kirby, are not bound by such 1873 instrument and are not estopped to deny that ½ of the rights, titles or interests of the McMurtry Minors passed to and vested in George W. Davis and William F. Hardin. None of the interest or title of said McMurtry Minors passed by such instrument when executed or later to George W. Davis and William F. Hardin.

STEPHENSON, Justice (dissenting).

I respectfully dissent only to that portion of the opinion holding the title, to the 1.45 acre tract acquired by Abner McMurtry after the deed dated March 14, 1894, vested in John H. Kirby.

The words "said 425%10 acres or more being made up of the following interests in the Estate of A. B. Hardin, to-wit: * * *" indicated an intention on the part of the grantor to convey the specific interest in the land owned by grantor at the time of the conveyance, which grantor had acquired from the persons listed. It is my understanding of the "after-acquired title" law that the grantor would be estopped to claim title to any part of the land acquired by him after the date of such conveyance from any of the listed sources. The 1.45 acres tract involved in this case did not come to the grantor from one of those sources. Clark v. Gauntt, (Comm.App.) 138 Tex. 558, 161 S.W.2d 270; Wilson v. Wilson, Tex.Civ.App., 118 S.W.2d 403; Spangler v. Spangler, Tex.Civ.App., 42 S.W.2d 826.